UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY L. BASS,<br><br>*Plaintiff,*<br><br>v.<br><br>JAY JABER, et al.,<br><br>*Defendants.* | Civil Action No. 19-18869<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gregory L. Bass brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. 1-2). For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** Plaintiff's Complaint (D.E. 1) ("Compl.").

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint, which is handwritten, is difficult to decipher. Plaintiff is suing Jay Jaber[1] and Lynnes Nissan City, Inc., alleging that he is a victim of fraud. Compl. at 1-4. Plaintiff appears to claim that on April 19, 2018 at Lynnes Nissan City, Inc. at 318 Bloomfield Ave, Bloomfield NJ 07003, Jay Jaber (and possibly others) sold Plaintiff a Chevrolet Tahoe. *Id.* at 3. During the sale, Plaintiff alleges that Jay Jaber and/or other unnamed Lynnes Nissan employees engaged in fraudulent conduct and "got $2000/3000 from me." *Id.* at 3. Under the prompt "What happened to you?" the Complaint reads: "Chevrolet Tahoe transmission want in 12 days. Then

---

[1] It appears from the Complaint that Jay Jaber is an employee of Lynnes Nissan City, Inc.

they repo car fraud. Accident reports. Previous owners. Service history records all way a laid when sold it 98.266. I found out 154.529. On it." *Id.* It is unclear exactly what Plaintiff is alleging, but Plaintiff later mentions an odometer being turned back in the Complaint. *Id.* at 3-4. Additionally, under a section in the Complaint titled Injuries, Plaintiff states "Doctor for pain suffering. They payed me. True back odometer on they cars." *Id.* at 4.

Plaintiff filed the Complaint on October 9, 2019 seeking "5000/or/more 10,000." *Id.* Plaintiff claims the basis for federal court jurisdiction is federal question. *Id.* at 2.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees and costs. *See* Compl., D.E. 1-2.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

At the outset, Plaintiff has not met his burden of proving that this Court has subject matter jurisdiction over this matter. "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines*

3

*v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Plaintiff states that his claim is brought pursuant to federal question jurisdiction. Compl. at 2. To establish a claim under federal question jurisdiction, Plaintiff must allege a "civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not cite to any federal law that might form the basis for federal question jurisdiction.

While Plaintiff's Complaint is difficult to decipher, it appears that Plaintiff is claiming fraud in the sale of a vehicle. Compl. at 2-4. Even this point is not clear because Plaintiff appears to be arguing that the vehicle's transmission was faulty, but he also appears to assert that the vehicle was repossessed. Plaintiff also mentions an odometer being turned back. *Id.* at 3-4. To the extent Plaintiff is attempting to allege a federal claim of odometer fraud, Plaintiff fails to allege such a claim clearly or in any detail. To the extent Plaintiff is alleging a claim of fraud more broadly relating to the transaction, Plaintiff's avenue for relief would lie in state court as there does not appear to be a relevant federal question. As the Complaint stands, Plaintiff's allegation fails to plausibly state a claim against Defendants that implicates federal question jurisdiction.

Additionally, under Federal Rule of Civil Procedure 9, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." F. R. Civ. Pro. 9(b). Plaintiff does not state the circumstances of this alleged fraudulent transaction with particularity.

Therefore, if Plaintiff chooses to bring forth an amended complaint under a claim of federal odometer fraud, Plaintiff must clearly allege the basis for the Court's subject matter jurisdiction and plead his claim with particularity, in accordance with Rule 9(b). If Plaintiff is otherwise

claiming fraud or some other theory of liability related to the sale of a vehicle, it appears that he would have to bring his action in state court unless he can assert a relevant federal law.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than the one discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Thus, for the reasons set forth above and for good cause shown,

IT IS on this 15th day of November, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice.[2] In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

**ORDERED** that if Plaintiff instead wishes to bring this matter in state court, he shall notify the Court in writing within the thirty (30) day period so that the Court can close the current case without dismissing it with prejudice; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[2] Dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in this case.