Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY L. BASS,<br><br>*Plaintiff*,<br><br>v.<br><br>JAY JABER, et al.,<br><br>*Defendants*. | Civil Action No. 19-18869<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gregory L. Bass brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court previously granted his application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief could be granted. The Court provided Plaintiff with leave to file an amended complaint, which Plaintiff filed on December 23, 2019. D.E. 3. For the reasons discussed below, the Court **DISMISSES** Plaintiff's First Amended Complaint (D.E. 3) ("FAC").

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff's FAC, much like the original Complaint, is handwritten and difficult to decipher. Plaintiff is suing Jay Jaber[1] and Lynnes Nissan City, Inc., alleging that he is a victim of fraud. FAC at 1. Plaintiff appears to claim that at Lynnes Nissan City, Inc. at 318 Bloomfield Ave, Bloomfield, NJ 07003, Jay Jaber (and possibly others) sold Plaintiff a Chevrolet Tahoe. *Id.* Plaintiff alleges that during the sale Jay Jaber and/or other unnamed Lynnes Nissan employees

---

[1] It appears from the FAC that Jay Jaber is an employee of Lynnes Nissan City, Inc.

engaged in fraudulent conduct and "got [him] for $3000." *Id.* Plaintiff claims that Defendants informed him that the Chevrolet Tahoe was a "good running car," but it stopped running three weeks after the purchase. *Id.* A few sentences later, however, Plaintiff states that the car broke down twelve days after purchase due to a faulty transmission. *Id.* at 2. It further appears that Plaintiff bought the car on an installment plan, as he states that he made his "first payment of $359.00 a month." *Id.* The FAC also states that after the car broke down, Plaintiff visited Lynnes Nissan and received "a bill for $16,000 for the lone [sic] from the bank." *Id* at 1. Finally, Plaintiff appears to assert that prior to purchase, he was told that the car's mileage was 98,000 miles, but the real mileage was about 168,000 miles. *Id.* at 2. Plaintiff claims that as a result of the car breaking down, he now owes the bank "$16,000 to $24,000 late fees." *Id.*

Plaintiff filed his initial Complaint on October 9, 2019 seeking "5000/or/more 10,000." D.E. 1 at 4 ("Compl."). Plaintiff claimed the basis for federal court jurisdiction in the initial Complaint was federal question. *Id.* at 2. This Court dismissed Plaintiff's original Complaint because it failed to plausibly state a claim against Defendants that implicated federal question jurisdiction. D.E. 2 at 4. Plaintiff was given thirty days to file an amended complaint addressing the Complaint's deficiencies. *Id.* at 6. Plaintiff filed the FAC on December 23, 2019 and it appears he is seeking "$5,000" and insurance coverage on the car. FAC at 2.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III. LEGAL ANALYSIS

At the outset, Plaintiff has not met his burden of proving that this Court has subject matter jurisdiction over this matter. "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on Plaintiff to prove that the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

While Plaintiff asserted in his Complaint that his claims were brought pursuant to federal question jurisdiction, D.E. 1, Plaintiff does not address jurisdiction, or federal question in particular, in the FAC in any capacity. D.E. 3. To establish a claim under federal question jurisdiction, Plaintiff must allege a "civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not cite to any federal law that might form the basis for federal question jurisdiction. Plaintiff's allegations do not appear to give rise to any federal law that might form the basis for federal question jurisdiction.

Furthermore, Plaintiff does not provide the Court with any indication that his claim implicates diversity jurisdiction pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), plaintiffs must allege that they are not citizens of the same state as any Defendant. *See Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Plaintiff does not allege that he is a citizen of a different state than Defendants. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's avenue for relief lies in state court.

4

Additionally, under Federal Rule of Civil Procedure 9, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b). In the FAC, Plaintiff does not state the circumstances of this alleged fraudulent transaction with particularity in accordance with Rule 9(b).

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed. Because Plaintiff has been given an opportunity to amend the complaint and it appears another amendment would be futile as far as establishing the Court's subject matter jurisdiction, the Court will not provide Plaintiff with additional opportunities to amend.[2]

Thus, for the reasons set forth above and for good cause shown,

IT IS on this 31st day of January, 2020,

**ORDERED** that the FAC, D.E. 3, is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[2] Plaintiff will not be able to bring any future action in this Court against Defendants based on the allegations in this case. However, Plaintiff may seek relief in state court.

5